UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BLACK COACHES ASSOCIATION | CIVIL ACTION |
| VERSUS | NO. 98-3465 |
| RUDOLPH WASHINGTON, JR. | SECTION "N" (5) |

ORDER AND REASONS

Before the Court are the following motions filed by Plaintiff, Black Coaches Association ("BCA"), in the above-captioned matter: 1) Motion to Reopen Litigation for Purposes of Filing Rule 41(b) Motion to Dismiss and 2) Motion to Dismiss Rudolph Washington, Jr.'s Counterclaim. Defendant, Rudolph Washington, Jr., has filed a memorandum in opposition to Plaintiff's motions. For the reasons that follow, Plaintiff''s Motion to Reopen Litigation is **DENIED**, making Plaintiff's Motion to Dismiss **MOOT**.

Plaintiff brought this action in November of 1998, seeking injunctive relief and damages for the alleged actions of misappropriation and violations of trademark law of its former executive director, Rudolph Washington, Jr. In its Complaint, Plaintiff asserted that immediate action was needed to prevent Mr. Washington from destroying or concealing any of the books, records or accounts of the BCA, to ensure that he returned such items to the BCA, and to ensure that he ceased doing business in the name of the BCA or using BCA resources in any other fashion. Subsequently, Mr. Washington filed a counterclaim, claiming that the BCA breached its contractual

obligation to pay to him certain sums of money.

Pursuant to a joint motion by the parties to compel arbitration and for stay of litigation, and in accordance with the arbitration agreement entered into by the parties, the Court ordered on May 3, 1999 that the BCA and Mr. Washington submit to arbitration "any and all disputes between the parties that have been or could have been brought in the present action before the Court pursuant to the Arbitration Agreement between the parties." The Court further ordered that all proceedings in this case be stayed "pending completion of the arbitration proceedings between [the parties]" and that the case be closed for statistical purposes.

Plaintiff now asks the Court to reopen this matter for purposes of filing its motion to dismiss Defendant's counterclaim for failure to prosecute and/or obey the Court's orders. The Court declines Plaintiff's invitation. The parties entered into a binding arbitration agreement wherein they stated they would "submit to arbitration the following: The issues raised in the Pending Suit and all issues that could be raised in the Pending Suit with regard to the relationship and/or claims between the BCA and Washington." They further stated that they would "faithfully observe this Agreement and ... abide by and perform any decision rendered in the arbitration."

The Court acknowledges that Defendant has not been diligent in pursuing arbitration of the issues between himself and the BCA. However, as the Court understands, arbitration proceedings have commenced in this matter and are underway. The Court does not intend to interrupt such proceedings, which were agreed to in the contract of the parties and ordered by the Court, albeit some time ago. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen is **DENIED**, rendering Plaintiff's Motion to Dismiss **MOOT**. This order shall not prejudice the right of Plaintiff to file a renewed Motion to Reopen in the case that the arbitration proceedings in this matter do not

progress within 90 days of this order.

        New Orleans, Louisiana, this 3rd day of August, 2006.

                                    **Kurt D. Engelhardt**
                                    **United States District Judge**